THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

     Plaintiff,

       v.

**[3] DAVID COLON MARTINEZ**
**[4] MIGUEL NEGRON VAZQUEZ,**
**[5] ANTONIO RODRIGUEZ CARABALLO**
**[6] ANGEL TORRES QUINONES**

     Defendants.

Criminal Case. NO. 12-738(PG)

OPINION AND ORDER

The events that lie at the heart of this case date back to November 5, 2008. On that day, in the city of Yauco, Puerto Rico, three police officers, while acting under color of law, allegedly held, restrained and then physical struck Jose Luis Irizarry Pérez with a police baton. According to the second superseding indictment, in the aftermath of the event the officers, joined by two other members of the Puerto Rico Police Department, partook in a cover-up to mislead authorities and obstruct the investigation of the incident.

Four of the five defendants filed Motions for Severance on different grounds. For the reasons discussed below, the Court **DENIES** their request.

## I.   BACKGROUND

The second superseding indictment contains twenty counts for violations to 18 U.S.C. §2, §242, §1519, §1512(b)(3), §1001 and §1623.

Defendant David Colón Martínez is charged in Count One with a violation of Title 18 USC §§242 and 2, that is, aiding and abetting in willfully depriving Jose Luis Irizarry Pérez of his constitutional rights while acting under color of law.

Colón Martínez is also charged in Count Six with authoring and submitting a false and misleading official police report which failed to disclose the totality of his observations regarding the events that took place in Yauco on November 5, 2008. Id. In Counts Eight and Eleven, Colón Martínez is charged with failing to disclose the totality of his observations regarding the incident as well as providing misleading

information to a prosecutor from the Puerto Rico Department of Justice. Id. Finally, in Counts Fourteen and Eighteen, Colón Martínez is charged with making a materially false, fictitious and fraudulent statement to a Special Agent of the FBI and making false material statements to a Grand Jury. Id.

On April 29, 2014, Colón Martínez filed a Motion to Sever. See Docket No. 197. The Government responded on May 13, 2014. See Docket No. 202.

Defendant Miguel Negrón Vázquez stands charged in Count Seven of the second superseding indictment with violations of Title 18 USC §1519 for having "knowingly altered, concealed, covered up, falsified and made false entries in a document with the intent to impede, obstruct and influence the investigation and proper administration of the matter within federal jurisdiction." See Docket No. 116. He is also charged in Count Nine for engaging in misleading conduct toward a prosecutor from the Puerto Rico Department of Justice and in Count Fifteen for "knowingly, voluntarily and intentionally" making materially false statements to a Special FBI agent who was investigating the November 5, 2008 incident. Id. Count Nineteen charges Negrón Vázquez with making false material declarations under oath before a Grand Jury.

On April 28, 2014 Negrón Vázquez filed a joint motion for severance with co-defendant Antonio Rodríguez Caraballo. See Docket No. 190. The Government filed its Opposition on May 13, 2014. See Docket No. 203.

Rodríguez Caraballo is charged in Count Ten of the second superseding indictment with "failure to disclose the totality of his observations concerning the force that was used against José Luis Irizarry Pérez and providing misleading information" with the "intent to hinder, delay and prevent communication to a law enforcement officer related to the commission or possible commission of a federal offense." See Docket No. 116. Like Negrón Vázquez, he is also charged with making false statements to a Special FBI agent regarding the investigation of the November 5, 2008 incident and for making false declarations under oath before a Grand Jury. See Counts Sixteen and Twenty of the second superseding indictment.

The fourth co-defendant to file a Motion for Severance is Angel Torres Quiñones. See Docket No. 198. Torres Quiñones is charged in Count

Four for physically striking Jose Luis Irizarry Pérez with a police baton, which caused him bodily injury. See Docket No. 116. He also stands charged in Count Twelve for failing to disclose the totality of his observations regarding the force used against Irizarry Pérez and providing misleading information to a prosecutor from the Puerto Rico Department of Justice. Id. The Government duly opposed Torres Quiñones' request. See Docket No. 209.

## II.   STANDARD OF REVIEW

Fed. R. Crim. P. 8 provides for the joinder of offenses and/or defendants in the same indictment. Rule 8(a) permits joinder of offenses in separate counts as long as they are "of the same or similar character, or are based on the same act or transaction." As per Rule 8(b), the First Circuit recognizes two requirements for proper joinder: "1) the offenses in question must constitute a series of acts or transactions and 2) a showing that joining the defendants is of benefit to the government." See U.S. v. Prange, 922 F.Supp.2d 127 (D.Mass. 2013) (citing United States v. Barbosa, 666 F.2d 704, 707-708 (1st Cir. 1981)).

Federal courts favor joint trials of defendants who are indicted together because "they promote efficiency and serve the interests of justice by avoiding ... the inequity of inconsistent verdicts." See U.S. v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (citing Zafiro v. United States, 506 U.S. 534 (1993) (internal quotation marks and citation omitted)). If a defendant wishes to request severance, he or she may do so pursuant to Fed. R. Crim. P. 14(a) which provides that in cases where the joinder of offenses or defendants "appears to prejudice a defendant or the government," the court may order separate trials of counts.

Furthermore, when defendants have been properly joined under Rule 8, "severance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" See Zafiro, 506 U.S. at 538. "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. at 540.

## III.   ANALYSIS

**(i)  Miguel Negrón Vázquez(4) and Antonio Rodríguez Caraballo(5) [Docket No. 190]**

In their Motion for Severance (Docket No. 190) Negrón Vázquez and Rodríguez Caraballo aver that, because the actions that the other defendants allegedly committed are so "disturbing," the negative effect on the jury would "spill-over" to their case. See Docket No. 190. This transferred guilt, they claim, would jeopardize their right to a fair trial. Furthermore, they assert that their charges differ so greatly from those of the other co-defendants that it would be impossible for them to mount a feasible defense.

The rule in this district is clear: "those 'who are indicted together should be tried together.'" See U.S. v. DeLeon, 187 F.3d 60, 63 (1st Cir. 1999)(citing United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993)). In order to overcome the presumption in favor of joinder, the co-defendants must show "prejudice so pervasive that it would be likely to effect a miscarriage of justice." Id. (citing United States v. Pierro, 32 F.3d 611, 615 (1st Cir.1994) and United States v. Sabatino, 943 F.2d 94, 96-97 (1st Cir. 1991)). "This requirement means more than establishing that the defendant might have had a better chance of acquittal in a separate trial." Id. (citing Zafiro, 506 U.S. at 540).

To determine whether joinder of defendants is proper, we look for a "series of acts or transactions" within the ambit of Fed. R. Crim. P. 8(b) which means that "some relatedness between offenses is necessary… Relatedness of offenses can be established by demonstrating that essentially the same facts must be shown for each of the consolidated crimes." See U.S. v. MacDonald & Watson Waste Oil Co., 933 F.2d 35, 60 (1st Cir. 1991)(citing United States v. Turkette, 632 F.2d 896, 907-908 (1st Cir. 1980)). That common thread is present here.

The assault and beating of José Luis Irizarry Perez is inextricably linked to the subsequent cover-up. In order to establish that certain co-defendants intentionally submitted false information and misled authorities as to what really happened on November 5, 2008 at Yauco, the Government must establish that the original event, the civil rights violation, actually took place. The First Circuit has held that where multiple defendants are being tried on charges directly related to the same overall scheme and transaction, and "where separate trials would have necessarily involved repetitive use of most of the same evidence and same facts, we find no possibility of [an abuse of discretion] absent a

clear showing of substantial prejudice." See <u>U.S. v. Moreno Morales</u>, 815 F.2d 725 (1st Cir. 1987) (<u>citing</u> <u>United States v. Ciampaglia</u>, 628 F.2d 632, 643 (1st Cir. 1980)). Joinder is proper where facts and legal issues overlap sufficiently so that the practical benefit of a consolidated trial outweighs each defendant's interest in having guilt considered individually. See <u>U.S. v. Sutherland</u>, 929 F.2d 765 (1st Cir. 1991) (<u>citing</u> <u>United States v. Arruda</u>, 715 F.2d 671, 678-79 (1st Cir. 1983)).

We need not dwell any further; there is a sufficient link between the offenses charged in the second superseding indictment to justify joinder. Therefore, it falls on defendants to make a showing of prejudice that warrants severance. Turning to the facts of this case, we note that Negrón Vázquez and Rodríguez Caraballo do not articulate any specific instances of prejudice that rebut the presumption for joinder. Though they argue that the First Circuit cases denying severance all involve conspiracy charges—a circumstance that is not present here[1]—we find nothing in the Federal Rules of Criminal Procedure or the interpreting jurisprudence to support their contention. The operative element in determining whether joinder is appropriate is prejudice[2], not the nature of the charges, and the petitioners have not proven how they would be deprived of a fair trial simply by virtue of having been charged with offenses that they deem to be less "disturbing." See <u>Docket No. 190</u> at page 5.

In fact, the First Circuit has emphasized that "[t]his type of spillover is standard fare whenever counts involving discrete incidents are linked in a single indictment. We have repeatedly held that such a garden variety side effect, without more, is insufficient to require severance." See <u>U.S. v. Taylor</u>, 54 F.3d 967, 974 (1st Cir. 1995)(<u>citing</u> <u>United States v. Boylan</u>, 898 F.2d 230, 246 (1st Cir. 1990)). What is more, the prejudice that concerns Negrón Vázquez and Rodriguez Caraballo could very well be cured by proper jury instructions. A Court may take "effective measures to prevent any significant spillover from materializing" by including "appropriate limiting instructions" as to the

---

[1] See Docket No. 190 at page 4.
[2] A defendant bears the burden of making a strong showing that prejudice resulted from the denial of severance. See <u>United States v. DeCologero</u>, 530 F.3d 36, 52 (1st Cir. 2008).

admissibility of evidence against particular defendants and as to the need to determine guilt on an individual basis." <u>See</u> <u>Boylan</u>, 898 at 246.

Therefore, the Motion for Severance and request for hearing on the matter are **DENIED**.

### (ii)   Antonio Rodriguez Caraballo(5) [Docket no. 193]

In addition to the joint Motion for Severance filed with co-defendant Miguel Negron Vazquez, Antonio Rodríguez Caraballo filed a second Motion for Severance on other grounds. <u>See</u> Docket No. 193. Rodríguez Caraballo asks the Court to sever his trial from that of co-defendant Angel Torres Quiñones because he fears that the Government will introduce a sworn statement made by Torres Quiñones[3] which directly incriminates him in at least one of the counts in the second superseding indictment. <u>See</u> Docket No. 193 at page 4. According to Rodríguez Caraballo, since Torres Quiñones cannot be forced to testify at trial, the introduction of the supposedly incriminating statement would violate his right to confront his accuser under the Sixth Amendment to the United Constitution. <u>Id</u>.

Rodríguez Caraballo points to some scant fragments of Torres' Quiñones sworn testimony where he says that Rodríguez Caraballo told him and other officers "that we should think about what we were going to say because the boy died…" <u>See</u> Docket No. 193 at ¶3. Though Rodríguez Caraballo relies heavily on <u>Bruton v. United States</u>, 391 U.S. 123 (1968), we fail to identify the "powerfully incriminating" out-of-court-statement that would de "devastating" to Rodríguez Caraballo if presented at trial. <u>See</u> <u>Bruton</u>, 391 at 135-136. Even if we deemed Torres Quiñones' statement of sufficient magnitude to cause prejudice to Rodríguez Caraballo, the latter's trepidations are put to rest since the Government declared that it would not introduce the statement "absent his [Torres Quiñones'] appearance at trial to testify."[4]

We think that compromise eliminates any potential injury that Rodríguez Caraballo might suffer, particularly since he does not

---

[3] The Government included the statement as Item 39 in its Designation of Evidence. <u>See</u> Docket No. 168.

[4] "The government will not introduce that portion of the statement, unless Torres testifies, and will redact it when introducing other parts of the statement." <u>See</u> Docket No. 208 at ¶16.

otherwise meet the burden of establishing undue prejudice from joinder. Consequently, Rodríguez Caraballo's Motion for Severance is **DENIED**.

### (iii)   David Colón Martínez

In his Motion for Severance of Counts (Docket No. 197), Colón Martínez avers that the joinder of multiple offenses against him in a single indictment is improper. Colón Martínez reasons that, because he is charged with both a civil rights violation and the subsequent cover-up of the event, the evidence needed to prove whether he committed a violation of civil rights is inadmissible as to the cover-up-based counts. The co-defendant avers that he should "be able to defend himself of the civil rights violation charge without having to prove whether he was truthful on the aftermath of the event about what he saw." See Docket No. 197 at page 4. He claims that the prejudice rests on the potential jurors' inability to "compartmentalize or cut up the evidence attributable to each count." Id.

Colón Martínez' arguments in favor of severance are unfounded at best. At the danger of repeating ourselves, the charges in this case are based on the same initial act, the beating and assault of José Luis Irizarry Pérez. Both the charges relating to the civil rights violation and the cover-up involve the same essential elements. Even when the evidence in question would not have been independently admissible, "[t]he court's timely use of cautionary instructions weakens the inference of prejudice." See U.S. v. Mubayyid, 658 F.3d 35, 73 (1st Cir. 2011) (citing United States v. Ofray-Campos, 534 F.3d 1, 35 (1st Cir.2008) (internal citations omitted)). We think the rationale behind Rule 8(a) is adequately served by finding that joinder of counts is proper in this instance.

As to the pivotal issue of prejudice, Colón Martínez has not shown that the evidence against him in a joint trial would differ from the evidence presented at separate trials for each count. We thus fail to see a "serious risk" that the joinder of offenses will compromise "a specific trial right or 'prevent the jury from making a reliable judgment about guilt or innocence." See Mubayyid, 658 F.3d at 73. As such, the Motion for Severance of Counts is **DENIED**.

### (iv)   Angel Torres Quiñones

Pursuant to the second superseding indictment, co-defendant Torres Quiñones physically struck José Luis Irizarry Pérez and assaulted him with a police baton. After the incident, he allegedly provided misleading information concerning the incident with the intent to hinder or delay the official investigation into the matter. See Docket No. 116.

Torres Quiñones filed a Motion for Severance that replicates the argument made by co-defendant Colón Martínez regarding the inadmissibility of evidence for one set of charges to prove the other. See Docket No. 198.

It is futile to rehash the leading jurisprudence regarding the issue. It suffices to say that, faced with a similar argument in the case related to the events at Cerro Maravilla, the First Circuit expressed:

> As the district court noted, the government was required to show that its version of the events was substantially true in order to support a conviction under Count 1, which charged all defendants with conspiracy to cover-up the events of Cerro Maravilla by committing perjury. The government could not prove the existence of such a coverup unless it first showed what actually occurred at Cerro Maravilla. Thus, even in a separate trial, the general details of the beatings and the murders, at a minimum, would have been admissible against all defendants.

See U.S. v. Moreno Morales, 815 F.2d 725, 741-742 (1st Cir. 1987).

We think that rationale resonates with the facts of this case. The underlying premise behind the charges related to the cover-up requires proof that the November 5, 2008 incident happened in the manner in which the Government posits. Therefore, the interrelation between the two offenses warrants joinder.

Torres Quiñones' other assertions are equally unavailing. Neither the possibility that he might testify to his detriment as to one offense and not the other nor the purported inferences that the jury might draw pose a challenge to Torres Quiñones' trial rights. His claims of prejudice are a step beyond intangible and that simply does not suffice to rebut the strong preference for joinder in this Court.

## IV. CONCLUSION

In light of aforementioned, this Court **DENIES** the Motions for

Severance filed by co-defendants Miguel Negrón Vazquez [4], Antonio Rodríguez Caraballo [5], Angel Torres Quiñones [6] and David Colón Martínez [3].

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 24, 2014.

                                   **S/ JUAN M. PÉREZ-GIMÉNEZ**
                                   **JUAN M. PÉREZ-GIMÉNEZ**
                                   **UNITED STATES DISTRICT JUDGE**